**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| MARC HUBBARD, | : | |
| Petitioner | : | **Civ. No. 19-18058 (RMB)** |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| WARDEN DAVID ORTIZ, | : | |
| Respondent | : | |

This matter comes before the Court upon Petitioner Marc Hubbard's ("Petitioner") motion to appoint counsel (ECF No. 2) in this habeas corpus action under 28 U.S.C. § 2241. Petitioner is incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix.") He challenges the finding of his guilt to a prison disciplinary charge for possession of a cell phone, which resulted in his loss of good conduct time and other sanctions. (Pet., ECF No. 1.) Respondent filed an answer to the petition on January 17, 2020. (Answer, ECF No. 5.)

Petitioner seeks appointment of counsel in this matter because he does not have the means to pay for an attorney, his petition presents complex issues, and he has limited legal knowledge and limited access to legal resources. (Mot. to Appoint Counsel, ECF No. 2.) The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits courts to appoint counsel to financially eligible persons

in habeas actions under § 2241 "whenever the court determines that the interests of justice so require." A district court, in exercising its discretion, "must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991) superseded on other grounds by statute. "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Id. at 264. A court may exercise its discretion not to appoint counsel if the issues are straightforward and capable of resolution on the record and the petitioner understands the issues and has the ability to forcefully and coherently present his claims. Id.

Petitioner has presented a nonfrivolous petition. In doing so, Petitioner has clearly presented his claims, citing to the relevant Supreme Court case and attaching appropriate exhibits. Appointment of counsel will not provide further assistance to Petitioner or the Court in resolving the legal issues presented. The Court will deny the motion to appoint counsel and extend the time for Petitioner to file a *pro se* reply to Respondent's Answer.

**IT IS** therefore on this **27th day of March 2020,**

**ORDERED** that Petitioner's motion to appoint counsel (ECF No. 2) is **DENIED**; and it is further

2

**ORDERED** that Petitioner shall have thirty days from the date of this Order to file a reply brief to Respondent's Answer; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/<u>Renée Marie Bumb</u><br>
**RENÉE MARIE BUMB**<br>
**UNITED STATES DISTRICT JUDGE**