NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARC HUBBARD,<br><br>　　　　Petitioner<br><br>　　v.<br><br>WARDEN DAVID ORTIZ,<br><br>　　　　Respondent | Civil Action No. 19-18058(RMB)<br><br>**OPINION** |

　　Petitioner Marc Hubbard was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix") when he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his loss of good conduct time as a result of a prison disciplinary hearing. (Pet., Dkt. No. 1). Respondent filed an answer to the petition on January 17, 2020. (Answer, Dkt. No. 5.) On March 27, 2020, the Court denied Petitioner's request for appointment of counsel and granted leave for Petitioner to file a reply brief within 30 days. (Order, Dkt. No. 6.) On April 20, 2020, after the Court attempted to serve a copy of this Order on Petitioner at his last known address, it was returned stamped "Not at FCI Fort Dix[.]" (Dkt. No. 7.)

　　Local Civil Rule 10.1(a) provides, in relevant part, "unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change

by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court." Dismissing a complaint without prejudice is an appropriate remedy for noncompliance with this rule. See Archie v. Dept. of Corr., Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases). To date, Petitioner has not informed the Court of his new address.

II. CONCLUSION

The Court will dismiss this case without prejudice, pursuant to Local Civil Rule 10.1.

An appropriate order follows.


Dated:  **November 10, 2020**

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **UNITED STATES DISTRICT JUDGE**